# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERALD & CAROL ALEXANDER | CIVIL ACTION |
| VERSUS | NO: 09-1660 |
| HORACE MANN and TEACHERS INSURANCE COMPANY | SECTION: "C" (2) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 3. The parties submitted a joint memorandum addressing subject matter jurisdiction, arguing that this Court does have jurisdiction on the basis of diversity jurisdiction. Rec. Doc 9. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Alexander v. Automobile Club Inter-Insurance Exchange, et al.*, Civil Action No. 07-4538, to recover payment for property damage under their insurance policy with Horace Mann Insurance Company and Teachers Insurance Company ("Defendants"). Rec. Doc. 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated*

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

*Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The homeowners then filed an individualized amended complaint against Defendants. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowners Jerald and Carol Alexander claim they were insured under a homeowners' insurance policy or other policy of insurance with Defendants, that covered damage to their property as well as additional living expenses/loss of use. Rec. Doc. 1 at 2. They state that their home was located at 4921 Little John Drive, New Orleans, Louisiana. Rec. Doc. 9 at 1. They claim that as a result of Hurricane Katrina, they sustained damages or losses to their dwelling, dwelling extension, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by their policy. Rec. Doc. 1 at 2. Though they did not provide an estimate of damages, the plaintiffs claim that the value of the losses exceeded the policy limits of coverage. *Id.* at 3.

The defendants did not submit a separate memorandum addressing subject matter jurisdiction. However, in the joint memorandum filed by both parties, the defendants deny that any additional amounts are due. Rec. Doc. 9. Neither party has provided information about the amount of money paid to plaintiffs to date, nor about the insurance policy that plaintiffs had with defendants. The plaintiffs also claim statutory penalties, interest, and attorney fees under La.R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 8. Both parties allege that this Court has

subject matter jurisdiction on the basis of diversity of citizenship.[2]

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938) (*citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983) (*cert. denied*, 459 U.S. 1107 (1983). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiffs nor the defendants is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction, Rec. Doc. 1 at 1, the sole issue in this case is whether there is, in fact, over $75,000 in controversy between the parties.

---

[2] Plaintiffs have the burden to show that the Court has subject matter jurisdiction over the matter. Plaintiffs are domiciled in Louisiana. Rec. Doc. 1 at 1. Defendant Horace Mann Insurance Company is domiciled in Illinois. *Id.* Defendant Teachers Insurance Company is also domiciled in Illinois. The parties are therefore completely diverse for the purposes of diversity jurisdiction.

The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. *See St. Paul Reinsurance Co., Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). *See also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiffs.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy or the value of the property. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d

4

908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls. Parties would need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008). Notably, no prerequisite proof of loss has been provided as ordered.

Neither party has mentioned what Plaintiffs' policy limits were. Rec. Doc. 1. Neither party has submitted a copy of the insurance policy. Neither party has provided an estimate of damages, nor an estimate of how much the Plaintiffs have already been paid by the Defendants. Again, no proof of loss has been provided as ordered. Without knowing how much the defendant has already paid the plaintiff or how much damage there was in the first place, it is impossible to determine how much is still in controversy between the parties.

Finally, the plaintiffs claim they may be entitled to potential statutory damages, penalties, and attorneys fees under La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 1 at 8. Simply stating that they may be entitled to penalties is not enough. The plaintiffs would have needed to present actual facts indicating the propriety of such penalties and indicating why they are actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by the Plaintiffs spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. La. R.S. 22:658 and La. R.S. 22:1220. They also require findings of fact. *Id*. Neither party has provided facts relevant to the allocation of penalties.

In *St. Paul reinsurance Co.*, the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998), but they did not hold that any claim for statutory

5

penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiffs may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. The plaintiffs have not provided evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts. Again, a copy of the prerequisite proof of loss is lacking.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000. Subject Matter jurisdiction cannot be conferred by consent. Therefore, this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiffs' complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 2nd day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**